PISTOL FASHIONS, LTD., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 82-4-00444

Before RAO, *Judge.*

(Dated June 27, 1983)

*Mandel & Grunfeld (Steven P. Florsheim* at the trial, *Robert B. Silverman* with him on the briefs) for the plaintiff.

*J. Paul McGrath,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office (*Deborah E. Rand* at the trial and on the briefs) for the defendant.

RAO, *Judge:* This civil action concerns the proper classification of women's raincoats, style 107, imported by plaintiff from Hong Kong and entered at New York. the raincoats have two fabric loops on each shoulder through which the epaulets may be inserted before they are buttoned near the collar. The Customs Service (Customs) classified the merchandise under item 382.00, Tariff Schedules of the United States, as amended (TSUS), as women's ornamented wearing apparel of cotton with a duty rate of 35 percent ad valorem.

It is plaintiff's claim that the merchandise is properly classifiable under item 382.12, TSUS, as other women's coats of cotton with a duty rate of 8 percent ad valorem. The plaintiff disputes the Customs determination that the two loops on each shoulder through which the epaulet is passed result in the garments being ornamented since only one loop is necessary to hold the epaulet in place, the second loop being primarily unfunctional.

The question for this court is whether the merchandise is "ornamented" within the meaning of the Tariff Schedules by reason of having the double loop feature. We are guided by the opinion of our appellate court in arriving at a determination as to what constitutes ornamentation, since this term is not defined in the Tariff Schedules. In *United States* v. *Endicott Johnson Corp.,* 67 CCPA 47, C.A.D. 1242, 617 F.2d 278 (1980), our appellate court enunciated a two step test to determine whether a feature is to be considered ornamentation: first, does the addition impart no more than an incidental decorative effect, and second, does the feature have a functionality which is primary to any ornamental nature? An affirmative answer to either of these questions results in a nonornamental classification. The evidence and the sample introduced into evidence at the trial of the action must be examined with these two considerations in mind.

The sample of the merchandise that plaintiff introduced into evidence is a woman's cotton raincoat in a khaki color with set in sleeves, a yoke back and a removable lining. The feature in dispute, the double loops at each shoulder, is in the same fabric and color as the rest of the raincoat and the epaulet can be threaded through one or both of these loops.

Plaintiff's witnesses included Rocco Del Vecchio, the designer of the raincoat, who testified that the two loops were placed on the shoulder to give added support to the epaulet, to make the epaulet lay flatter, thereby imparting a neater appearance (R. 11), and for reinforcement of the button feature (R. 12). Plaintiff's other witness was Robert Clarke, a designer for a children's and junior-wear manufacturer not related to the plaintiff and has taught at the Traphagen School of Fashion. He testified that the two loops function to hold the epaulet flatly and securely in place (R. 30), that they hold the epaulet tighter and firmer in place (R. 31) and that, in his opinion, they do not ornament the raincoat because they are small, the same color as the coat and one of them is almost entirely hidden by the epaulet itself when it is threaded (R. 32).

The defendant's one witness, Judy Scates, owns her own freelance design businesss and has been trained in the fashion field. She designs rainwear as well as other apparel items. It was her testimony that only one loop to hold an epaulet is functional, that the second loop serves no purpose and that any stress from shoulder bags or camera bags hanging from the epaulet would be borne only by the button, and not by the loops (R. 42, 43).

Defendant also relies on the opinion in *Sportswear International Ltd.* v. *United States,* 4 CIT 260 (1982), in which the court considered the ornamental nature of two loops attached to the front portion of the waistband of women's denim slacks. The court found, as a matter of fact, that the elasticized back of the waistband of the slacks held the garment in place on the wearer without the need of a belt. Indeed, the court relied on testimony to the effect that the loops would hold a belt in place on the front of the garment but not in the back in determining that the loops were ornamental. The evidence adduced in that case established that a functional "capability" of the loops to support a belt was neither needed nor intended.

In the instant case a functional capability was intended and is found to exist. The designer of the raincoat testified that the reason for using two loops was to make the epaulet lie flat, to give a neater appearance, and to reinforce the button feature.

Considering also the appearance of the sample raincoat, both with the epaulet threaded through both loops and threaded through one loop only, it is evident that the garment has a neater effect and lies flatter when the two loops are used and that the second loop is barely discernible when both loops are used minimizing any decorative effect. This court cannot determine, absent laboratory tests done under controlled procedures, how much support is given to the weight carrying function of the epaulet button by the double loop feature, but we will give some weight to the testimony of the witnesses who stated that in their professional opinion the second loop would reinforce the button feature, considering that there was opinion evidence to the contrary.

It is functional capability, together with the appropriateness of that function to the garment, which determines whether or not a feature is functional. *Ferriswheel* v. *United States,* 68 CCPA 21, C.A.D. 1260, 644 F.2d 865 (1981). The two loops have the functional capability of giving the raincoat a neat appearance by holding the epaulet more firmly and flatter to the shoulder. This is evident both from the testimony presented and from the sample itself. Such a function is appropriate to the garment.

In conclusion this court finds that the double loop feature on the merchandise in issue imparts no more than an incidental decorative effect and that it does have a functionality which is primary to any ornamental effect. It is therefore the judgment of this court that plaintiff's protest has been sustained and that the merchandise is properly classifiable as other women's coats of cotton under item 382.12, TSUS.

Let judgment be entered accordingly.